### JACOB FINKEL ET AL v. MAX LEPKIN.

Submitted July 12, 1898—Decided November 7, 1898.

1. A first mortgagee of chattels has no right until his mortgage debt is due to take from the mortgagor the possession of the chattels mortgaged, unless an attempt is made to remove the goods from the county.

2. A second mortgagee, whose mortgage debt is past due, may take possession of the goods and sell the right, title and interest of the mortgagor in them. The purchaser under such sale will stand in the place of the mortgagor, and hold title to them subject to the prior mortgage, and to the exercise by the prior mortgagee of all the rights he would have had as against the mortgagor to take and sell the property when his mortgage debt matures.

On *certiorari* to the Union Common Pleas.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the plaintiffs, *Frederick C. Marsh.*

For the defendant, *Jeremiah Kiernan.*

The opinion of the court was delivered by

VAN SYCKEL, J. One Gerschovitz owned a wagon on which he gave a chattel mortgage dated June 22d, 1897, to Rosa Ferdinand. This mortgage was recorded July 26th, 1897.

On the 17th of July, 1897, Gerschovitz executed a chattel mortgage on the same wagon to Lepkin, the defendant in *certiorari,* payable in one year. This mortgage was recorded July 17th, 1897, and as it does not appear that he had notice of the Ferdinand mortgage, he therefore acquired priority over it by earlier registry.

After default made in payment of the Ferdinand mortgage, the mortgagee caused the wagon to be advertised and sold on the 5th of August, 1897. Finkel, the plaintiff in *certiorari,* purchased at that sale and the wagon was delivered to him.

Lepkin, on the 7th of August, 1897, and long before his chattel mortgage was due, caused the wagon to be advertised and sold under his chattel mortgage and bought it in himself. He did not have possession of the wagon at any time, either before or after the sale, but on the 7th of August, 1897, gave notice in writing to Finkel and Mrs. Ferdinand and her husband demanding the wagon, but it was not delivered to him.

Thereupon Lepkin brought an action of trover against Finkel and Mrs. Ferdinand and her husband for the value of the wagon, in the District Court of the city of Elizabeth. That court on the facts herein stated nonsuited the plaintiff. An appeal was taken by Lepkin to the Union County Pleas, where the judgment of the District Court was reversed and judgment rendered for Lepkin for the value of the wagon.

This *certiorari* is sued out by Finkel to review the judgment of the Union Pleas.

Legal title to the wagon, and the right of immediate possession must be shown by Lepkin to enable him to maintain his action.

A chattel mortgage in this state, like a real estate mortgage, is regarded as a mere security for the debt, and does not entirely divest the property of the mortgagor. It does not give the right of immediate possession until default to make payment on the due day.

Lepkin's mortgage was not due, and no attempt had been made by the mortgagor or anyone else to remove the wagon out of the county.

The statute relating to chattel mortgages vests the right of possession in the mortgagee only for the purpose of preventing such removal. *Gen. Stat.*, *p.* 2112, § 49.

Lepkin acquired no additional right in the wagon by his premature sale under his mortgage. The right, title and interest only of the mortgagor was sold under the Ferdinand mortgage to Finkel, and the title and possession which passed to him was subject to the Lepkin mortgage. By that purchase he stood in the place of the mortgagor, and held only such title and possession as the mortgagor previously had. After the due day of the Lepkin mortgage, if it was not paid, Finkel could be dispossessed by the purchaser under the prior mortgage. Until then, Finkel had the right to retain possession, so long as he did not attempt to remove the wagon out of the county.

The judgment of nonsuit rendered in the District Court was correct, and there should have been a nonsuit in the Common Pleas.

This conclusion accords with the decisions heretofore rendered in our courts. *Fox* v. *Cronan*, 18 *Vroom* 493; *Woodside* v. *Adams*, 11 *Id.* 418; *Blauvelt* v. *Fechtman*, 19 *Id.* 430.

The judgment certified should be reversed.